UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WALLACE JAMES BEAULIEU,   CIVIL NO. 13-1893 (DWF/JSM)

    Petitioner,

v.   REPORT AND RECOMMENDATION

LUCINDA JESSON,
Commissioner of the Minnesota
Department of Human Services,

    Respondent.

This case is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I.   BACKGROUND

The initial background of this case has been adeptly summarized by the Minnesota Court of Appeals as follows:

> In October 2004, Beltrami County [Minnesota] petitioned to civilly commit Beaulieu [i.e., Petitioner] as a sexually dangerous person ["SDP"] and a sexual psychopathic personality ["SPP"]. After a three-day trial, the district

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

1

> court ordered his initial commitment in March 2006. The court conducted a review hearing in June 2006 and committed him for an indeterminate period of time in July 2006....
>
> Beaulieu's appellate counsel failed to file a timely notice of appeal from the order for indeterminate commitment. Because the order was filed on July 3, 2006, Beaulieu's notice of appeal was due September 1, 2006. See Minn.Stat. § 253B.23, subd. 7 (2010); Minn. Civ.App. P. 104.01. Beaulieu's appellate counsel filed the notice of appeal on September 8, 2006. The state moved to dismiss the appeal as untimely. Beaulieu's appellate counsel informed this court that he did not learn about his appointment until August 13, 2006, because he had been out of the state. Beaulieu's appellate counsel also explained that he had mistakenly believed that the indeterminate commitment order was filed after July 3, 2006. This court dismissed Beaulieu's appeal as untimely. In re Commitment of Beaulieu, No. A06-1702 (Minn.App. Oct. 3, 2006) (order). The supreme court denied Beaulieu's petition for further review. In re Commitment of Beaulieu, No. A06–1702 (Minn. Nov. 22, 2006) (order).
>
> Beaulieu then turned his attention to the federal courts. In December 2006, he filed a pro se petition for a writ of habeas corpus in the United States District Court for the District of Minnesota.

Beaulieu v. Minnesota Dept. of Human Services, 798 N.W.2d 542, 544-45 (Minn.App. 2011), aff'd, 825 N.W.2d 716 (Minn. 2013).

When Petitioner "turned his attention to the federal courts," his habeas corpus petition was assigned to the undersigned Magistrate Judge for a Report and Recommendation, ("R&R"). This Court found that Petitioner had presented four substantive grounds for relief in his habeas corpus petition:

> (1) the State of Minnesota lacked the requisite subject matter jurisdiction to enforce civil commitment statues on the Leech Lake Indian Reservation; (2) the SSP and SDP statutes violated the prohibition against double jeopardy and Ex Post Facto laws; (3) the civil commitment statutes violated his right to a jury trial; and (4) the state's use of the underlying charges and testimony regarding sexual assaults, where Petitioner was found not guilty, was barred by the principles of res judicata and collateral estoppel.

Beaulieu v. Minnesota, Civil No. 06-4764 (JMR/JSM) [hereafter "Beaulieu I"], R&R dated

September 6, 2007, reported at 2007 WL 2915077, at *3.

This Court found that all four of the habeas corpus claims presented in Beaulieu I were procedurally defaulted, because Petitioner had failed to present any of those claims to the Minnesota appellate courts in accordance with applicable Minnesota state procedural rules. As the Court explained in the R&R in Beaulieu I:

> "Federal courts are precluded from reviewing 'a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.' Coleman v. Thompson, 501 U.S. 722, 729 (1991) (citations omitted). The doctrine applies to bar federal habeas when a state court declined to address the federal claims from a person in state custody because the individual had failed to meet a state procedural requirement. Greer v. Minnesota, 493 F.3d 952, 2007 WL 2002554 at *3 (8th Cir. July 12, 2007) (citation omitted). In this case, the bar is based on the filing requirements for an appeal from a civil commitment, pursuant to Minn.Stat. § 253B.23, subd. 7 [which requires that appeals be filed within 60 days]."

Id.

The Court further determined that because of Petitioner's procedural default, his habeas petition in Beaulieu I had to be summarily dismissed, without addressing any of his claims on the merits, unless he could show either "'cause for the procedural default and prejudice resulting from it, or ... a fundamental miscarriage of justice.'" Id. at *4, quoting Burns v. Gammon, 173 F.3d 1089, 1092 (8th Cir.1999). Petitioner attempted to qualify for the "cause and prejudice" exception, by arguing that his procedural default resulted from his appellate counsel's erroneous failure to file a timely direct appeal. In other words, Petitioner contended that his procedural default should be excused, because it was caused by ineffective assistance of appellate counsel. However, the Court rejected that argument, and concluded that Petitioner's procedural default could not be excused. It was therefore recommended that the Beaulieu I petition be dismissed

with prejudice.

On October 4, 2007, District Court Judge James M. Rosenbaum, (now retired), entered an order adopting the R&R in Beaulieu I. (That order is reported at 2007 WL 2915077.) Shortly thereafter, however, Judge Rosenbaum vacated his order, and appointed counsel to assist Petitioner in filing objections to the R&R. Objections were filed with the assistance of appointed counsel, and Judge Rosenbaum then reviewed the R&R in light of those objections. On August 28, 2008, Judge Rosenbaum entered a final order and judgment that adopted this Court's R&R and dismissed Beaulieu I with prejudice. (That order is reported at 2008 WL 4104701.) Petitioner appealed that ruling.

On appeal, Petitioner attempted to revive one of the four habeas claims raised in his petition in Beaulieu I – namely, that the Minnesota state courts lacked subject matter jurisdiction in his civil commitment case. However, the Eighth Circuit Court of Appeals found that claim to be procedurally defaulted, (just as this Court had found), because it was not raised in accordance with Minnesota's state procedural rules. Beaulieu v. Minnesota, 583 F.3d 570, 574 (8th Cir. 2009) ("Beaulieu's claim is procedurally defaulted and unreviewable in federal court because he failed to present it in a timely manner to the Minnesota courts").

The Court of Appeals also rejected Petitioner's contention that his procedural default should be excused because it was caused by ineffective assistance of appellate counsel. The Court of Appeals rejected Petitioner's "cause and prejudice" argument, because he had not previously raised a specific ineffective assistance of counsel claim, per se, in the state courts. The Eighth Circuit explained that the statutory "exhaustion of

state court remedies" rule, (28 U.S.C. § 2254(b)), "'requires that a claim for ineffective assistance of counsel be initially 'presented to the state courts as an independent claim before it may be used to establish cause for a procedural default' in a federal habeas proceeding.'" Beaulieu, 583 F.3d at 575, quoting Taylor v. Bowersox, 329 F.3d 963, 971 (8th Cir.2003) (quoting Murray v. Carrier, 477 U.S. 478, 489, (1986)) (emphasis added). See also Edwards v. Carpenter, 529 U.S. 446, 452 (2000) ("'a claim of ineffective assistance'... must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default'") (quoting Murray v. Carrier, 477 U.S. at 489; Bailey v. Mapes, 358 F.3d 1002, 1004 (8th Cir. 2004) ("[a]lthough constitutionally ineffective assistance can serve as a 'cause' excusing a procedural default, the ineffective assistance claim must be raised in the state postconviction proceedings before it can be relied upon in a federal habeas proceeding"); Wyldes v. Hundley, 69 F.2d 247, 253 (8th Cir. 1995) ("[t]he Supreme Court has stated, and we, naturally, have insisted, that 'a claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default'") (citation omitted), cert. denied, 517 U.S. 1172 (1996).

The Eighth Circuit noted that Petitioner should still be able to pursue his ineffective assistance of counsel claim in the Minnesota state courts by applying for habeas corpus relief under Minnesota state law. Beaulieu, 583 F.3d at 576. However, the Court of Appeals did not say that Petitioner could seek relief in another federal habeas corpus case, if his ineffective assistance claim was denied by the state courts.

After the Eighth Circuit Court of Appeals affirmed the dismissal of Beaulieu I, Petitioner filed a habeas corpus petition in the state district court for Carlton County,

5

Minnesota. He contended that his civil commitment should be vacated, because he had been deprived of his constitutional right to effective assistance of counsel when his attorney failed to file a timely direct appeal. That argument was rejected, and Petitioner's habeas corpus petition was denied. Petitioner appealed (in a timely manner) and the Minnesota Court of Appeals affirmed the trial court's ruling.[2] Petitioner then sought further review in the Minnesota Supreme Court.

The Minnesota Supreme Court did not discuss Petitioner's ineffective assistance of counsel claim, per se, but instead addressed the substantive claims for relief that Petitioner had attempted to raise in his first appeal, (i.e., the appeal that was summarily dismissed due to untimeliness). After considering Petitioner's substantive challenges to his civil commitment, the Minnesota Supreme Court concluded that Petitioner was not entitled to a writ of habeas corpus. Beaulieu v. Minnesota Dept. of Human Services, 825 N.W.2d 716, (Minn. 2013), rehearing denied, Mar. 15, 2013.[3]

---

[2]  The Minnesota Court of Appeals summarized its reasoning as follows:

A petition for a writ of habeas corpus must allege a lack of jurisdiction or a constitutional violation. Neither the United States Supreme Court nor the Minnesota Supreme Court has held that the Due Process Clause of the Fourteenth Amendment created a right to the effective assistance of counsel for a person who is the subject of a civil-commitment proceeding. Beaulieu's right to counsel in his civil-commitment proceeding was based solely on a statute. In the absence of a constitutional right to counsel, Beaulieu's habeas petition does not state a claim for relief. Therefore, the district court did not err by denying Beaulieu's petition for a writ of habeas corpus.

Beaulieu, 798 N.W.2d at 551.

[3]  Evidently, the Court found it most propitious to just skip ahead to Petitioner's substantive challenges to his civil commitment, without specifically addressing his ineffective assistance of counsel claim, because it was evident that his substantive claims

Petitioner filed his current habeas corpus petition on July 15, 2013. This petition raises a single claim for relief – namely, that Petitioner was deprived of his constitutional right to effective assistance of counsel, because his attorney did not file a timely direct appeal after his civil commitment order became final.

Petitioner's current habeas corpus claim cannot be addressed on the merits, however, because the current petition challenges the same civil commitment judgment that was before the Court in <u>Beaulieu I</u>. As discussed more fully below, the Court finds that Petitioner has filed a "second or successive petition" in this case, which must be summarily dismissed for lack of jurisdiction.

## II.  DISCUSSION

The federal rule restricting second or successive habeas corpus petitions is set forth at 28 U.S.C. § 2244(b).[4] Under that rule, a district court cannot entertain a second

---

were, in any event, meritless. See <u>Beaulieu</u>, 825 N.W.2d at 718, n. 1 ("even if we assumed that a person had a right to effective assistance of counsel on appeal from an indeterminate civil commitment and that filing a petition for a writ of habeas corpus was the proper procedure for asserting an ineffective-assistance-of-appellate-counsel claim, Beaulieu would still be entitled to no relief because his three substantive challenges to his indeterminate civil commitment fail on the merits or were waived").

[4]  28 U.S.C. § 2244(b) provides as follows:

**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

 **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously

7

or successive application for habeas corpus relief filed by a state detainee, unless he has first obtained authorization from the appropriate court of appeals allowing him to file another petition. 28 U.S.C. § 2244(b)(3)(A). See Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999) (state prisoner must receive pre-authorization from the Court of Appeals in order for a district court to consider a second or successive application for habeas corpus relief).

---

    unavailable; or
**(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
**(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

  **(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
**(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

It plainly appears that the petition now before this Court is Petitioner's second application for federal habeas corpus review of his 2006 civil commitment as an SSP and SDP. Because Petitioner's previous federal habeas petition was dismissed with prejudice in Beaulieu I, the present action must be viewed as a "second or successive petition" for purposes of § 2244(b), which means that it cannot be entertained without pre-authorization from the Eighth Circuit Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 153, (2007) (where habeas petitioner "twice brought claims contesting the same custody imposed by the same judgment of a state court... he was required to receive authorization from the Court of Appeals before filing his second challenge" in a second habeas petition). Because Petitioner has not secured a pre-authorization order from the Eighth Circuit, his current petition must be summarily dismissed for lack of jurisdiction. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Chadwick v. Graves, 110 F.Supp.2d 1110, 1114, (N.D.Iowa 2000); Wainright v. Norris, 958 F.Supp. 426, 431-32 (E.D.Ark. 1996). See also Tompkins v. Secretary, Dept. of Corrections, 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), cert. denied, 555 U.S. 1161 (2009).

Petitioner contends that his current petition is not a "second or successive petition" for purposes of § 2244(b), because his current ineffective assistance of counsel claim was not adjudicated on the merits in Beaulieu I. (Petitioner's Exhibits, [Docket No. 1-1], Exhibit 7 (Memorandum of Law in Support of Petition for Writ of Habeas Corpus Pursuant to 289 U.S.C.§ 2254) ("Pet. Mem."), pp. 10-11    He cites two Supreme Court decisions to

9

support this argument – <u>Stewart v. Martinez-Villareal</u>, 523 U.S. 637 (1998), and <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000). In <u>Stewart</u>, the Court held that a claim that could not have been properly raised in a prior habeas petition, because the claim was then "premature," could be raised in a subsequent habeas case, without satisfying the § 2244(b)(3) pre-authorization requirement. 523 U.S. at 643-44. In <u>Slack</u>, the Supreme Court held that a second habeas petition, which is filed after a first petition was dismissed <u>without prejudice</u> due to non-exhaustion, "is to be treated as 'any other first petition' and is not a second or successive petition." 529 U.S. at 487. <u>Slack</u> and <u>Stewart</u> clearly demonstrate that a state detainee is not necessarily barred from seeking federal habeas review of his confinement simply because he already filed a federal habeas petition once before. See <u>Panetti v. Quarterman</u>, 551 U.S. 930, 944 (2007)("[t]he Court has declined to interpret 'second or successive' as referring to all § 2254 applications filed second or successively in time"). More specifically, <u>Stewart</u> and <u>Slack</u> confirm that if a first § 2254 petition is dismissed <u>without prejudice</u> because the petitioner failed to exhaust still available state court remedies for some or all of his claims, a later post-exhaustion petition is not considered to be "second or successive" for purposes of § 2244(b).

The Supreme Court's rulings in <u>Stewart</u> and <u>Slack</u> would be controlling here, <u>if</u> <u>Beaulieu I</u> had been dismissed without prejudice, based on Petitioner's failure to exhaust some still available state court remedies for the claims listed in his petition. However, <u>Beaulieu I</u> was not dismissed without prejudice so that Petitioner could return to the state courts and re-raise the claims that he had listed in his federal habeas petition. Instead, the case was dismissed <u>with prejudice</u> because all four of the claims presented in the petition had been procedurally defaulted. The Eighth Circuit Court of Appeals expressly

10

confirmed that Petitioner's substantive claim for relief "is procedurally defaulted and unreviewable in federal court because he failed to present it in a timely manner to the Minnesota courts." Beaulieu, 583 F.3d at 574. Furthermore, in Beaulieu I, neither the District Court nor the Court of Appeals suggested that some state court remedy might still be available for any of the substantive claims presented in Petitioner's habeas corpus petition.

Petitioner's argument is flawed because it is based on the erroneous assertion that his petition in Beaulieu I included a substantive claim for relief based on ineffective assistance of counsel. See Pet. Mem., p. 11 ("No federal court has ever reviewed the merits of Beaulieu's underlying claim of ineffective assistance of counsel raised in his prior habeas petition") (emphasis added)). In fact, the habeas corpus petition that was filed in Beaulieu I did not include "ineffective assistance of counsel" as a substantive claim for relief. This Court found four grounds for relief in the petition, and ineffective assistance of counsel was not one of them.

Petitioner did argue that his procedural default of his four substantive habeas claims should be excused, (based on the "cause and prejudice" exception), because his attorney's alleged mistake, in failing to file a timely appeal, constituted ineffective assistance of counsel. See Beaulieu, 583 F.3d at 575 ("Beaulieu contends that he satisfies the cause and prejudice requirements because his attorney's failure to file a timely appeal constituted ineffective assistance of counsel in violation of the Sixth Amendment"). The Court of Appeals found that Petitioner's ineffective assistance of counsel argument could not serve as "cause" to excuse his procedural default, because he had not previously presented that claim as an independent claim for relief in any prior

11

state court proceeding.  Id. at 576 ("the exhaustion doctrine prevents us from considering whether the failure of Beaulieu's attorney to file a timely appeal constitutes cause for his procedural default and resulted in actual prejudice").  The Court of Appeals also found that a state court remedy was still available for Petitioner's ineffective assistance claim, (id.), but that finding did not alter the Court of Appeals' ultimate determination that Petitioner's habeas corpus petition in Beaulieu I had properly been dismissed, with prejudice on the grounds of procedural default.  See id. ("we affirm the judgment of the district court").

Because Beaulieu I was dismissed with prejudice due to Petitioner's procedural default, the current petition must be viewed as a second or successive petition for purposes of § 2244(b)(3).  As succinctly explained by the Ninth Circuit Court of Appeals:

> A prior petition that has been dismissed without prejudice for failure to exhaust state remedies leaves open the possibility for future litigation and has not, therefore, been adjudicated on the merits... [citing Slack v. McDaniel, supra].  In contrast, <u>the dismissal of a first petition with prejudice because of a procedural default (and a failure to show cause and prejudice) forecloses the possibility that the underlying claims will be addressed by a federal court</u>.  See Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.2005).  <u>Such a dismissal therefore constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)</u>.  Id.

McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (emphasis added).  See also Carter v. United States, 150 F.3d 202, 205-06 (2nd Cir. 1998) ("we hold that a denial on grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition... 'second or successive' for purposes of the AEDPA"); Graham v. Costello, 299 F.3d 129, 133 (2nd Cir. 2002) ("when a prior petition is denied because the claim raised is procedurally defaulted (i.e., the petitioner failed to raise the

12

claim on direct appeal and has not made a showing of cause and prejudice for that failure), the denial is 'on the merits,' rendering a subsequently filed petition 'second or successive'") (citing Carter, supra).

In sum, Beaulieu I was dismissed with prejudice because all of the substantive claims for relief presented in the federal habeas petition were procedurally defaulted, and Petitioner failed to show "cause and prejudice" or "a fundamental miscarriage of justice." Because Beaulieu I was dismissed with prejudice, the present case constitutes a "second or successive petition" for purposes of § 2244(b). Therefore, Petitioner's current habeas corpus petition cannot be entertained in the district court without pre-authorization from the Court of Appeals. Petitioner has not filed a pre-authorization order with his petition, nor has he suggested by any other means that the Eighth Circuit Court of Appeals has granted him permission to file a second or successive habeas petition. Therefore, this action must be summarily dismissed for lack of jurisdiction.

To obtain a pre-authorization order that will allow Petitioner to file a new federal habeas corpus petition in the District Court, he will have to persuade the Eighth Circuit that his claims satisfy the standard prescribed by 28 U.S.C. § 2244(b)(2). See n. 4, supra. If Petitioner can meet that requirement, and the Court of Appeals grants him a pre-authorization order, he can then file a new habeas corpus petition in the District Court.

The Court will recommend that this action be dismissed without prejudice, so that Petitioner can resubmit his current claim in a new action, if he is able to secure a pre-authorization order from the Court of Appeals as required by § 2244(b)(3)(A).[5]

---

[5] There is some case law suggesting that an action barred by § 2244(b)(3)(A) should be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631,

Petitioner should carefully note, however, that this District Court will not entertain any future habeas corpus petition challenging his 2006 civil commitment order, unless the petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals, as required by § 2244(b).[6]

III. CERTIFICATE OF APPEALABILITY

A Section 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that

---

rather than simply dismissed. See e.g., Liriano v. United States, 95 F.3d 119, 122-23 (2nd Cir. 1996); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997). However, it would not be advisable to follow that approach here. The Court of Appeals will not authorize the filing of another habeas petition in the District Court unless Petitioner can meet the standard prescribed at § 2244(b)(2). Because Petitioner has made no attempt to meet that standard in his present submissions, the Court of Appeals could not -- on the basis of the existing record -- grant the pre-authorization that Petitioner needs. 28 U.S.C. § 2244(b)(3)(C). It therefore makes more sense to dismiss the present action, and require Petitioner to file a separate motion for pre-authorization directly with the Court of Appeals, as contemplated at § 2244(b)(3). That will allow Petitioner to fully explain to the Court of Appeals why he believes he meets the requirements of § 2244(b)(2), and why he should therefore be allowed to file another habeas corpus petition in this District.

[6]  Because the Court presently lacks jurisdiction in this matter, based on the rules governing successive petitions, the timeliness of the present petition will not be addressed here. The Court notes, however, that Petitioner's current petition appears to be barred by the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d). Indeed, it appears that the federal limitations period had already expired before Petitioner raised his current ineffective assistance of counsel claim in his state post-conviction proceedings, (i.e., the state habeas action). Therefore, even if this action did not involve a second or successive petition, (or if Petitioner someday obtains Circuit Court permission to file another habeas petition), his habeas claims might still have to be summarily dismissed due to untimeliness.

14

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

Here, it is extremely unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide that Petitioner's current habeas corpus claims should be adjudicated on the merits in the present action. The Court finds nothing novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should <u>not</u> be granted a COA in this matter.

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Docket No. 1), be **DENIED**;

2. This action be summarily **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**; and

3. Petitioner should **NOT** be granted a Certificate of Appealability.


Dated: August 16, 2013

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 30, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party

may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.