## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Wallace James Beaulieu,<br><br>                    Petitioner,<br><br>v.<br><br>Lucinda Jesson, Commissioner of the<br>Minnesota Department of Human Services,<br><br>                    Respondent. | **Court File No.: 13-cv-01893(DWF/JSM)**<br><br><br>**PETITIONER'S OBJECTIONS TO<br>THE REPORT AND<br>RECOMMENDATION OF<br>MAGISTRATE JUDGE**<br><br>**(ORAL ARGUMENT REQUESTED)** |

## INTRODUCTION

Petitioner Wallace James Beaulieu ("Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 because Petitioner's court-appointed counsel failed to timely appeal Petitioner's involuntary, indefinite civil commitment to the Minnesota Sex Offender Program ("MSOP"), a program that has not fully discharged a single patient. Because of counsel's failure to appeal timely, Petitioner was denied his right to a direct appeal as the result of his counsel's mistake – which constitutes *per se* ineffective assistance of counsel.

Petitioner objects to Magistrate Judge Mayeron's August 16, 2013 Report and Recommendation ("the 2013 RR") [Dkt. #1], recommending that Petitioner's application be dismissed. First, Petitioner objects to the recommendation that this petition is a second or successive petition for purposes of § 2244(b) because the previous petition was dismissed (on the ineffective assistance of counsel issue) for failure to exhaust state court

remedies and therefore it was not addressed on the merits.  Second, Petitioner objects to

the suggestion in the 2013 RR that the previous habeas petition did not include a

substantive claim for ineffective assistance of counsel and is therefore time barred.

Finally, even if this Petition was a second or successive petition, this Petition should be

granted as the ends of justice would be served by considering (and, ultimately, granting)

this Petition.

The Magistrate's Report and Recommendation should not be adopted and the

Court should grant this Petition. Because of the important constitutional issues presented,

counsel for Petitioner requests oral argument.[1]

## BACKGROUND

### A. Petitioner's Commitment Process.

On October 12, 2004, Beltrami County, Minnesota filed a petition to commit

Petitioner as a sexual psychopathic personality and as a sexually dangerous person

pursuant to the Minnesota Commitment and Treatment Act, Minn. Stat. § 253B.01 *et seq.*

(the "Act").  The Act provides for the right to court-appointed counsel at all proceedings,

*see* Minn. Stat. § 253B.07, subd. 2c; requires counsel to "be a vigorous advocate," *see*

---

[1] Petitioner recognizes that the Court recommends that this action be dismissed without
prejudice, so that Petitioner can seek pre-authorization from the Court of Appeals to file
this petition and, if the pre-authorization is granted, can resubmit his current claim in a
new action.  Although for the reasons set forth below, Petitioner disagrees that this step is
required, Petitioner will seek such a pre-authorization if directed to by the Court.
However, to preserve Petitioner's rights, Petitioner felt it necessary to also file this
Objection.

Minn. Stat. § 253B.07, subd. 2c(4); and provides for a right of direct appeal, *see* Minn. Stat. § 253B.23, subd. 7.

On March 17, 2006, the district court ordered Petitioner preliminarily committed as an SDP and SPP and subsequently ordered Petitioner indeterminately committed as a SDP and SPP. Petitioner's notice of appeal from that commitment order was due by September 1, 2006.

The district court appointed Petitioner new appellate counsel, Mr. Bibeau. Unfortunately, due to an admitted error by Mr. Bibeau, Petitioner's appeal was not filed until September 8, 2006, seven days after the due date. Petitioner indisputably wanted his counsel to appeal his commitment.[2]

The State moved to dismiss Petitioner's appeal as untimely and the parties submitted additional briefing, in which Mr. Bibeau acknowledge his mistake in failing to timely file the appeal. Application for Relief from Judgment at p. 2, *In re Civil Commitment of Beaulieu*, No. P4-04-1534 (Minn. Dist. Ct. Sept. 26, 2006), attached to the Affidavit of Daniel E. Gustafson ("Gustafson Aff.") as Exhibit A.

On October 3, 2006, notwithstanding Petitioner's counsel's admission of error, the Minnesota Court of Appeals dismissed Petitioner's appeal as untimely without addressing the merits of Petitioner's appeal or the effect of Petitioner's counsel's admitted error in missing the appeal deadline. *In re Civil Commitment of Beaulieu,* No. A06-1702 (Minn. Ct. App. Oct. 3, 2006), attached to Gustafson Aff. as Exhibit B. The Minnesota Supreme Court denied review on November 22, 2006. Thus, because of counsel's error, Petitioner

---

[2] Mr. Bibeau's notice of appeal (although untimely) raised several appealable issues.

was denied a right to a direct appeal. *In re Civil Commitment of Beaulieu,* No. A06-1702 (Minn. Nov. 22, 2006) attached to Gustafson Aff. as Exhibit C.

### B.  Petitioner's Initial Federal Habeas Corpus.

On December 5, 2006, within the one-year limitations period, Petitioner filed a *pro se* petition for a writ of habeas corpus in the federal court in the District of Minnesota. That *pro se* petition raised numerous issues.  Although it did not specifically identify a claim of ineffective assistance of counsel for his counsel's failure to timely appeal, the petitioner did state that the appeal was dismissed as "untimely" and that "he was not given the opportunity to present any of my issues to Appellate Court, or Supreme Court of Minnesota." Pro Se Petition under 28 USC § 2254, at # 9 and #13, attached to Gustafson Aff. at Exhibit D.

The Court issued a Report and Recommendation ("the 2007 RR") regarding that Petition.  The 2007 RR stated, "[t]his Court notes that Petitioner has never asserted to this Court as part of his habeas petition or to a state court that [his court appointed counsel's] performance was constitutionally ineffective under the standard established in *Strickland v. Washington,* 466 U.S. 668 (1984)."  2007 RR, *Beaulieu v. Minnesota* at p. 8, n.5, 06-4764 (JMR/JSM) (D. Minn. Sept. 6, 2007), attached to Gustafson Aff. at Exhibit E.

The Court (Judge Rosenbaum) subsequently appointed Daniel Gustafson, Gustafson Gluek PLLC, to represent Petitioner.  Mr. Gustafson filed objections to the 2007 RR, specifically raising the claim of *per se* ineffective assistance of counsel. *See* Objections of Court Appointed Counsel to the Report and Recommendation of Magistrate Judge at p. 5, Beaulieu v. Minnesota, 06-CV-4764 (JMR/JSM)(D. Minn. Jan. 25, 2008),

attached to Gustafson Aff. as Exhibit F.  ("…although Petitioner did not incant the "magic words" ineffective assistance of counsel, see RR at pp.4-5 n. 5; clearly his petition makes the claim that his procedural default occurred because of his court-appointed counsel's mistake.")

The district court adopted the 2007 RR and dismissed Petitioner's petition. *Beaulieu v. Minnesota,* No. 06-CV-4764 (D. Minn. Aug. 28, 2008), at attached to Gustafson Aff. as Exhibit G.  Although the petition was dismissed with prejudice, neither the 2007 RR nor the August 28, 2008 Order addressed the merits Petitioner's ineffective assistance of counsel claim.

On appeal, Petitioner's counsel again argued that Appellant's habeas petition adequately raised his ineffective assistance claim based on the failure of his prior court-appointed counsel to timely appeal.  See Brief for Appellant, *Beaulieu v. Minnesota* at 7 (No. 08-3322) (8th Cir. Nov. 17, 2008), attached to the Affidavit of Daniel E. Gustafson as Exhibit H.

The Eighth Circuit affirmed the district court's order stating "[b]ecause Beaulieu 'has the right under the law of [Minnesota] to raise … the question presented,' he 'shall not be deemed to have exhausted the remedies available in the courts of Minnesota.' 28 U.S.C. § 2254(c)."  *Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009).  The Eighth Circuit continued, "the exhaustion doctrine prevents us from considering whether the failure of Petitioner's attorney to file a timely appeal constitutes cause for his procedural default and resulted in actual prejudice."  *Id*. at 576.  Thus, Petitioner raised, but did not receive a ruling on, the merits of his ineffective assistance of counsel claim.

### C.  Petitioner's State Habeas Petition

Petitioner then filed a state court habeas petition raising the ineffective assistance of counsel claim in Minnesota State Court.  Without any evidentiary hearing, the state district court denied that petition, holding that Petitioner could not show prejudice from his counsel's error.  The Minnesota Court of Appeals affirmed the denial of Petitioner's state habeas petition, on different grounds, holding that Petitioner did not have a constitutional right to counsel and therefore could not seek habeas relief under Minnesota law.  *Beaulieu v. Minnesota Dep't of Human Servs.,* 798 N.W.2d 542, 544 (Minn. Ct. App. 2011).

Petitioner sought review by the Minnesota Supreme Court raising the issue of (1) whether a constitutional right to counsel exists in involuntary, indefinite civil commitment cases, and (2) whether a writ of habeas corpus may provide relief for violation of the statutory right to counsel in civil commitment cases.  See Brief for Appellant at p. 7, 13, *Beaulieu v. Minnesota Dep't of Human Servs*., No. A10-1350 (Minn. Sept. 20, 2010) attached to Affidavit of Daniel E. Gustafson at Exhibit I.  The Minnesota Supreme Court affirmed the denial of the state court habeas petition but on different grounds.  Without addressing Petitioner's argument about the application of the *per se* standard for determining adequacy of counsel in an involuntary, indefinite civil commitment proceeding when no appeal if filed timely, the Court decided Petitioner's appellate claims based on Mr. Bibeau's untimely Notice of Appeal filed back in 2007.  *See Beaulieu v. Minnesota Dep't of Human Servs.* 825 N.W.2d 716, 717 (Minn. 2013), *reh'g denied* (Mar. 15, 2013).

### D.  Petitioner's Current Federal Habeas Petition

Petitioner now seeks a federal writ of habeas based on his ineffective assistance of counsel, which is the subject of the 2013 RR.

## ARGUMENT

### A. Legal Standard

To invoke the jurisdiction of a federal court, a person must allege that his state custody violates the Constitution, laws or treaties of the United States.  *See* 2013 RR at p. 5 (citing 28 U.S.C. § 2254(a)).  The Antiterrorism and Effective Death Penalty Act (AEDPA) limits habeas corpus relief to claims adjudicated on the merits in state court where the adjudication:

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*See Lockyer v. Andrade*, 538 U.S. 63, 70 (2003); *Poole v. Goodno,* 335 F.3d 705, 708 (8th Cir. 2003) (quoting 28 U.S.C. § 2254(d)).

Here, Petitioner claims ineffective assistance of counsel resulting in the forfeiture of his right to an appeal, in violation of Petitioner's constitutional due process rights. Although Petitioner's state court action has been adjudicated on the merits, he has never received a ruling on the merits of his claim that Mr. Bibeau's failure to timely appeal (thereby depriving Petitioner of his appeal) is *per se* ineffective assistance of counsel. *See Beaulieu*, 825 N.W.2d at 719.

**B. This Is not a Second or Subsequent Petition.**

The 2013 RR incorrectly concludes that this Petition is a second or successive

petition for purposes of § 2254(b).  RR at p. 9.[3]  Courts have found that a "habeas petition

is second or successive only if it raises claims that were or could have been adjudicated

on the merits."  *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir 2009).  A prior

petition that has been dismissed without prejudice for failure to exhaust state remedies

leaves open the possibility for future litigation and has not, therefore, been adjudicated on

the merits.  *Id.* (*citing Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).  The *McNabb*

court noted that "[i]n contrast, the dismissal of a first petition with prejudice because of a

procedural default (and a failure to show cause and prejudice) forecloses the possibility

that the underlying claims will be addressed by the federal court."  *Id.* (citation omitted).

The Court in its 2013 RR states that because Petitioner's initial petition was

dismissed with prejudice due to Petitioner's  procedural default, the current petition must

be viewed as a second or successive petition for purposes of § 2244(b)(3).  2013 RR at

12.  However, the dismissal with prejudice "*due to Petitioner's procedural default*"

clearly did not include Petitioner's claim based on "ineffective assistance of counsel."

The Eighth Circuit explicitly declined to consider Petitioner's ineffective

assistance of counsel claim because Petitioner failed to exhaust this claim in state court.

*Beaulieu v. Minnesota*, 583 F.3d at 576 ("…the exhaustion doctrine prevents us from

---

[3] Although the Court finds in its RR that "the petition be now before this Court is
Petitioner's second application for federal habeas corpus review of his 2006 civil
commitment as an SSP and SDP", 2013 RR at 12, it also finds that Plaintiff's previous
habeas corpus petition did not include "ineffective assistance of counsel as a substantive
claim for relief," *id*. at 11.  Both assertions are incorrect as explained above.

considering whether the failure of Beaulieu's attorney to file a timely appeal constitutes cause for his procedural default and resulted in actual prejudice.")

Petitioner agrees that in *Slack* and *Stewart*, the Supreme Court held that a state detainee "is not necessarily barred from seeking federal habeas review of his confinement simply because he already filed a federal habeas petition once before." See 2013 RR at p. 10. But Petitioner disagrees that the holding in those cases is limited to situations in which the initial petition is dismissed *without prejudice*.

Neither *Slack* nor *Steward* address the present situation. Here, the district court dismissed the petition with prejudice without considering the ineffective assistance of counsel claim asserted by Petitioner. However, the Court of Appeals specifically addressed the omitted claim finding it should be dismissed for failure to exhaust state court remedies. The 2007 RR, which was adopted by the district court, in fact, found that the "ineffective assistance of counsel" claim was not even raised, *see* 2007 RR at p. 8 n. 5, a finding that the Eighth Circuit clearly disagreed with as it ruled that the claim was to be dismissed based on the "exhaustion doctrine." *Beaulieu*, 583 F.3d at 575.

The 2013 RR states that the ineffective assistance of counsel claim cannot proceed because the other claims presented previously were dismissed with prejudice. 2013 RR at 10. However, it is clear that the "ineffective assistance of counsel" claim, unlike the other claims raised previously, has never been adjudicated on the merits. *See McNabb*, 576 F.3d at 1029 (citing *Henderson v. Lampert,* 369 F.3d 1049, 1053 (9th Cir. 2005) (recognizing that a procedural default constitutes adjudication on the merits).

29871                                                9

The Supreme Court in *Martinez-Villareal*, 523 U.S. 637 (1998) found that an issue brought in a numerically second petition upon ripening, after the claim was dismissed as unripe in the first petition, was not a successive petition. *Id*. at 644. To hold otherwise would bar prisoners from ever obtaining federal habeas review of that claim simply because the first petition was dismissed due to technical procedural reasons. *Id*. at 645. In the present case, although certain claims previously asserted were adjudicated on the merits, the claim of ineffective assistance of counsel was found by the Eighth Circuit to have failed under the exhaustion doctrine. To bar Petitioner from ever obtaining federal habeas review of that claim is contrary to the holding in *Martinez-Villareal. See also In re Bowen,* 436 F.3d 699 at 704-705 (6th Cir. 2006).

The 2013 RR's reliance on the *McNabb* and *Carter* case, s*ee* 2013 RR at p. 12, is misplaced because again neither of those cases arise under the same factual situation found here, where the claim at issue in the subsequent petition was not adjudicated on the merits in the disposition of the first petition. Even these opinions distinguish between dismissal for default and dismissal under the exhaustion doctrine. *See McNabb*, 576 F.3d at 1029; *Carter*, 150 F.3d at 204; *see also Howard v. Lewis*, 905 F.2d 1318, 1322–23 (9th Cir. 1990); *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. Or. 2005) ("In the pre-AEDPA decision of *Howard v. Lewis* . . . . [we] explained why 'a dismissal for failure to exhaust state remedies is distinguishable from a dismissal for state procedural default.'")

Here, the Eighth Circuit affirmed the dismissal of Petitioner's substantive claims, finding Petitioner had procedurally defaulted on them, however, it declined to address Petitioner's ineffective assistance of counsel claim on the grounds that Petitioner had not

exhausted his state court remedies. Petitioner has now completed a full round of state

court review. Federal review of Petitioner's ineffective assistance claim is now consistent

with the principles of federal-state comity, is not second or successive, and is properly in

front of this Court after Petitioner has exhausted his state court remedies.

### B.  Petitioner Raised the "Ineffective Assistance of Counsel Claim" In His Previous Petition And It Should Not Be Time Barred.

The Court in its 2013 RR also incorrectly concluded that "Petitioner's argument is

flawed because it is based on the erroneous assertion that his petition in <u>Beaulieu I</u>

included a substantive claim for relief based on ineffective assistance of counsel.  2013

RR at 11 (citing Pet. Mem., p. 11).

Petitioner disagrees.  The initial petition stated that the appeal was dismissed as

"untimely" and that "he was not given the opportunity to present any of my issues to

Appellate Court, or Supreme Court of Minnesota."  *See* Exhibit D at # 9 and #13.

Although the 2007 RR commented in a footnote that Petitioner had not included a claim

that his court appointed counsel's performance was constitutionally ineffective, *see* 2007

RR at 8, fn 5, Petitioner disagreed and argued as such in his objections. *See* Exhibit F at p.

5.  The district court did not address this argument.  The Eighth Circuit, however,

specifically recognized that Petitioner had the right to raise the ineffective assistance

claim but that Petitioner had not exhausted his state court remedies thereby preventing the

Eighth Circuit from ruling the claim.  *Beaulieu*, 583 F.3d at 576.

The ineffective assistance of counsel has been specifically raised with this Court as well as the state court since Gustafson Gluek entered its notice in this case and was raised prior to that by the Petitioner *pro se*, although with less specificity.

The Court also suggests that "Petitioner's current petition appears to be barred by the one-year statute of limitations prescribed by 28 U.S.C. § 2244 (d)." 2013 RR at 14, fn 6. The facts do not support this conclusion. The ineffective assistance of counsel was timely raised in the first petition, as it was filed within a year after Petitioner's initial commitment, and has been timely raised now as the final adjudication by the state court of this claim issued on March15, 2013.

C. **Even If This Were a Second or Successive Petition, Granting this Petition Will Serve the Ends of Justice.**

Even if this Petition were a second or successive petition, the ends of justice would be served by considering and granting this Petition. In *Sanders v. United States,* 373 U.S. 1 (1963), the Supreme Court held that successive habeas petitions could be denied if "the ends of justice would not be served by reaching the merits of the subsequent application." *Id.* at 15. In this case, the ends of justice will be served by granting this Petition.

The Eighth Circuit recognized that although both rule 9(b) and section 2244(b) do not specifically refer to the "ends of justice" test, the test has been implicitly incorporated. *See Walker v. Lockhart*, 726 F.2d 1238, 1241-42 (8th Cir. 1984). The *Walker* court also recognized that despite the omission of the "ends of justice" test, substantial discretion

remains in the federal courts with regard to allowing successive petitions.  *Id.* at 1242 n.10.[4]

Petitioner's liberty is at issue.[5]  He has been involuntarily, indefinitely civilly committed in the MSOP.  Petitioner is guaranteed the right to an appeal of his civil commitment by statute, which he did not receive. *See* Minn. Stat. §§ 253B.07, subd. 2c. He is also guaranteed court-appointed counsel who is charged with acting as a "vigorous advocate" *see* Minn. Stat. § 253B.07, subd. 2c(4), which he also did not receive. These procedural safeguards protect individuals' due process rights. *See Evitts v. Lucey*, 469 U.S. 387, 401 (1985) (holding that when a state creates procedures that are not themselves constitutionally required, those procedures must comport with due process).

The ends of justice would be well served to provide Petitioner with the same procedural protections afforded to all other individuals facing such involuntary, indefinite civil commitment into a troubled program that has come under sharp criticism for its inability to successfully treat and release any patients.[6]

---

[4] *Walker* noted that the Advisory Committee Note to rule 9(b) states "*Sanders,* 18 U.S.C. § 2244 [sic], and subdivision (b) make it clear that the court has discretion to entertain a successive application.... The bar set up by subdivision (b) *is not one of rigid application*, but rather is within the discretion of the courts on a case-by-case basis."  *See Walker* at 1242 n.10.

[5] The Supreme Court "repeatedly has recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Addington v. Texas*, 441 U.S. 418, 425 (1979).

[6] *See, e.g.,* See Office of the Legislative Auditor, State of Minnesota, Evaluation Report: Civil Commitment of Sex Offenders (March 2011) http://www.auditor.leg.state.mn.us/ped/pedrep/ccso.pdf (last visited August 13, 2013).

## CONCLUSION

The Magistrate Judge's Report and Recommendation should not be adopted and Petitioner's Petition for Writ of Habeas Corpus should be granted.

Date:  August 29, 2013

Respectfully submitted,

s/Daniel E. Gustafson
Daniel E. Gustafson (#202241)
David A. Goodwin (#386715)
Joseph C. Bourne (#389922)
**Gustafson Gluek PLLC**
120 South Sixth Street, #2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com
jbourne@gustafsongluek.com

*Counsel for Petitioner*

29871